Turley, J.,
delivered the opinion of the court.
After the determination of the two cases of Kimbro vs. Lytle and Hill vs. Bostick, at the present term of this court, there remains but little to observe upon, in the case now under consideration. In the case of Kimbro vs. Lytle, we have recognized the authority of the case of Bay vs. Coddington, 20 John. Rep. 637; and the question now is, does the present case fall within the principles therein determined, *433 ín that case, notes were fraudulently passed by an agent tose- , c . . J iii-cure the defendant against responsibilities assumed by mm as endorser of bis notes, and It was held, that the notes not being received in the usual course of trade, nor for a present consideration, the defendant was not entitled to hold them against the true owner. What is the present case? Nichol, Hill & Co. were the last endorsers on a note drawn by Ro-gan, Carr and Roberts, in favor of Lucillius Winchester, payable in the United States Bank, at Nashville. The note, at maturity, was protested, for non-payment, and taken up by Nichol, Hill & Co. After this was done, Rogan, Carr and Roberts offered to Nichol, Hill & Co. their note, endorsed by the defendant, H. Bate, for the purpose of renewing the previous note, which was received by them, and upon their endorsement, discounted in bank. This note, at maturity, was also protested for non-payment, and taken up by Nichol; Hill & Co. who are now prosecuting this suit against Bate, the first endorser. There is no doubt that the note was endorsed by Bate, when it was blank,, and that in filling it up for the amount and for the purpose for which it was used, a gross fraud was practiced by the drawers upon Bate, who only intended to endorse a note for $600, to renew one on which he was already liable for Rogan, Carr and Roberts, as endorser; but it was equally true, that Nichol, Hill & Co. were no participators in the fraud, and that they had no cause to suspect the honesty of the transaction. The only question then is, did Nichol, Hill & Co. receive the note in the due course of trade, or for a present consideration. We are of opinion that they did. In the case of Kimbro vs. Lytle, this court has said that due course of trade is where the holder has given for the note his money, goods or credit, at the time of receiving it, or has, on ácc'ouht of it, sustained somé loss, or incurred some liability. To apply this principle-, Nichol, Hill & Co. were the last endorsers of the previous note, Lucilius Winchester was the first, and as such, responsible to them. When the new note, endorsed by the defendant, was presented, it was taken by the plaintiffs in discharge of that responsibility, and that it was a full and complete discharge, this court has, at the present term, in the case of *434 Hill vs. Bostick determined. This constitutes a marked difference between this case and that of Bay vs. Coddington; there the notes were given as collateral security for liabilities incurred as endorser, here it was given in payment of a debt due and secured by the endorsement of Winchester; there the notes could be appropriated to the true owner, without placing the person to whom they had been endorsed in a different situation from that which he would have occupied if he had never received them, for we cannot deprive Nichol, Hill & Co. of their recourse against the defendant, without depriving them also of the ample security for the payment of them, in the endorsement of Winchester, and which they gave up when the last note was received. In short, in all cases of notes- endorsed, when one is fairly received in renewal of another, it discharges the first, and we think it has been taken in the usual course of trade, and also for a good consideration, (if that were necessary,) passing at the time. The present case then, is not within the operation of Bay vs. Coddington, and the law as applicable to the rights of the plaintiffs, has not been correctly stated by the court below. The judgment must therefore be reversed and the cause remanded for a new trial, when the law will be charged in conformity with this opinion.
Judgment reversed.